IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEDROS MICKIAL WITHERS,<br><br>Defendant. | Case No. 25-MJ-6220<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. §§ 3143(a)(1), 3148(b)] |

I.

On October 7, 2025, Defendant Tedros Mickail Withers made his initial appearance in this district following his arrest on the petition for warrant to revoke supervised release and warrant for arrest issued in the Southern District of California on August 26, 2025. Deputy Federal Public Defender Michael Brown was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Stephen Chang. Defendant submitted on the

1  recommendation of detention in the report prepared by United States Probation and
2  Pretrial Services.

3                                       II.

4        Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. §
5  3143(a) following Defendant's arrest for alleged violation(s) of the terms of
6  Defendant's ☐ probation / ☒ supervised release,
7        The Court finds that :
8        A.    ☒    Defendant has not carried his burden of establishing by clear
9  and convincing evidence that Defendant will appear for further proceedings as
10 required if released [18 U.S.C. § 3142(b-c)].  This finding is based on:
11           ☒       allegations in the petition: Defendant failed to comply with the
12           conditions of supervised release, including admitted use of
13           methamphetamine and unwillingness to participate in counseling or
14           treatment.
15           The Court notes that Defendant has a history of parole and probation
16           violations.
17

18       B.    ☒    Defendant has not carried his burden of establishing by clear
19 and convincing evidence that Defendant will not endanger the safety of any
20 other person or the community if released [18 U.S.C. § 3142(b-c)].  This
21 finding is based on:
22           ☒       Defendant's extensive criminal history includes felony
23           convictions for assault with a deadly weapon, multiple narcotics related
24           offenses,  multiple contempt offenses, and obstruction, and a lengthy
25           history of law enforcement contacts including for failure to appear and
26           probation and parole violations
27           ☒       allegations in the petition (see above)
28

III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Southern District of California.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to DFPD Brown in order to monitor the status of Defendant's transportation to, and arrival in, the charging district for his next appearance.</u>

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: October 7, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3